UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ELLIOTT, | Case No.  2:26-cv-0523-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| G. MORA, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, alleges that eight correctional officer defendants violated his rights in connection with a disciplinary hearing, and by threatening him in retaliation for his use of the prison grievance system.  ECF No. 1 at 3-7.  The complaint does not comply with federal pleading standards and also appears to impermissibly join at least two unrelated claims against more than one defendant.  I will dismiss the complaint with leave to amend so that plaintiff may remedy these deficiencies.  I will also grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

**Screening Order**

**I.      Screening Standards**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

1

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.      Analysis**

As an initial matter, plaintiff's complaint is non-compliant with federal pleading standards insofar as it fails to give each defendant adequate notice of the claims against them.  For instance, plaintiff alleges that defendant Laquna violated his rights during a disciplinary hearing by wrongfully deducting earned credits, ECF No. 1 at 3, but he fails to make intelligible allegations as to why this deduction was erroneous.  He claims only that "defendant wasn't suppose[d] to take [anything] . . . because that's what being on hard-c is for . . . ."  *Id.*  This allegation is not adequately explained.  Elsewhere in the complaint, plaintiff alleges that defendant Lujan

2

expressed dislike for him and retaliated against him. *Id.* at 4.  Plaintiff fails, however, to state what protected conduct motivated Lujan to retaliate against him.  He also fails to state exactly what retaliatory conduct Lujan undertook.  Plaintiff claims that Lujan had him "locked up for lies," but it is unclear what this means in the prison context where he is already incarcerated.  *Id.* I will not belabor the point, but plaintiff's claims against many of the defendants are underdeveloped, and he must allege more specifics and background if they are to proceed past screening.

Additionally, plaintiff's complaint contains at least two unrelated claims.  His disciplinary hearing claim against Laquna appears distinct from the other retaliation claims that concern different correctional officers approaching his cell and verbally harassing him.

I will dismiss the complaint with leave to amend so that plaintiff may address these deficiencies.  He is advised that an amended complaint will entirely supersede the original complaint, and it should be filed on the form included with this order and be titled "First Amended Complaint."

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:   March 16, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3